UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

**00 - 1400**

**CIV-PAINE**

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

MARCOS RUIZ-LOPEZ,                   )
JEAN SOBNER ALTY,                    )
SERVANDIEU ANDRE,                    )
MARIA LEON BORJA,                    )
ESTEBAN BORJA-LEON,                  )
RAMIRO BORJAS-LEON,                  )
WILFRID BRUNO,                       )
INES BUSTOS-VARGAS,                  )
JESUS JAIME CABRERA,                 )
ANGEL CABRERA-RAMIREZ,               )
IRMA VEGA CHAVEZ,                    )   CIVIL ACTION
MIGUEL ANGEL CHAVEZ,                 )
CIRO CHAVEZ-SALAS,                   )
SALOMON CHAVEZ-SAUCEDO,              )
MINERVA CORTEZ,                      )
CRISTINA CORTEZ-PANTALEON,           )   No. _____
BENJAMIN CRUZ-DIAZ,                  )
CERTILUS DERVIL,                     )
JEAN SIMON DESIRE,                   )
FERNANDO DIAZ,                       )   **CLASS ACTION**
ABEL DIAZ-DIAZ,                      )
PORFIRIO DIAZ-LOPEZ,                 )
MIGUEL ANGEL DIAZ-MONTEJO,           )
MACARIO DIAZ-RUIZ,                   )
JESMER EMONFILS,                     )
INNOCENT FILS-AIME,                  )
JULIO CESAR GALVEZ-HERNANDEZ,        )
CRECENCIANO GALVEZ-MERINO,           )
GUILLERMO GARCIA,                    )
GONZALO GARCIA-CRUZ,                 )
ANTONIO GARCIA-DIAZ,                 )
JESUS GARCIA-OLVERA,                 )
FELIPE GOMEZ,                        )
FELICITA RAMIREZ-GONZALEZ,           )
MELVER SALNA GONZALEZ,               )
NOE GONZALEZ,                        )
NICHOLAS GUERRERO,                   )
JUANA MOLINA GUIPO,                  )
JUANA GUTIERREZ-CARDENAS,            )
ANTONIO HERNANDEZ-GARCIA,            )
GREGORIO HERNANDEZ-MORENO,           )
ANTIOCO HERNANDEZ-SALGADO,           )
LORENZO HERNANDEZ-SANDOVAL,          )
VICENTE HUERTA-PALMEROS,             )
JANIE JAIMES,                        )

```
ALEJANDRO JAIMES-MARTINEZ,        )
PAULFILS JANVIER,                 )
ANGEL JARAMILLO,                  )
MINERVA P. JARAMILLO,             )
GERARDO JUAREZ-GARCIA,            )
VALENTIN JUAREZ-LESAMA,           )
EVA PINEDA LEON,                  )
JOSE LUIS LEON,                   )
MANUEL LEON-BORJA,                )
AGUSTIN LEON-ESPINOZA,            )
LAZARO LEON-GARCIA,               )
GABRIEL LEON-JARAMILLO,           )
ISIDRO B. LEON-JARAMILLO,         )
MANUEL LEON-JARAMILLO,            )
VICTOR HUGO LEON-JARAMILLO,       )
CELSO LEON-VILLEGAS,              )
JOSE G. LIMON,                    )
DAVID LOPEZ,                      )
JAVIER LOPEZ,                     )
SAMUEL LOPEZ,                     )
ANGEL LOPEZ-HERNANDEZ,            )
IDONA LOUIDOR,                    )
EDUARDO MARTINEZ,                 )
OLIMPIA MARTINEZ,                 )
RANGEL MARTINEZ,                  )
RODOLFO MARTINEZ,                 )
SANTOS MARTINEZ-ALONSO,           )
DOMINGO MARTINEZ-BENITEZ,         )
ADRIAN MARTINEZ-LIMONTECO,        )
JOSE MORALES-MERINO,              )
SAUVEUR OLISTIN,                  )
NESTOR PEREZ-RIVERA,              )
DELIVERANCE PETITFRERE,           )
ODONEL PETITFRERE,                )
TONY PHILIPPE,                    )
SAINCOIT PIERRE,                  )
ISAIAS RAMIREZ,                   )
MARIA DEL REFUGIO LLANEZ RAYO,)
JOAQUIN RIVERA-ESCOBAR,           )
LUIS RIVERA-FLORES,               )
ROBERTO RUIZ-LOPEZ,               )
CESARIO SANCHEZ-BAUTISTA,         )
MARIA SAUCEDO,                    )
ERNESTO SERNA,                    )
SEFERINO SOLIS-SOLIS,             )
MOLIN ST. FLEURANT,               )
JEAN ST. PAUL,                    )
LUIS TEPETLANCO-GARCIA,           )
DIEUPANOUS TOMANI,                )
MELQUIADES URVINA-LLANES,         )
ALFREDO URVINA-URVINA,            )
AMADO URVINA-YANEZ,               )
JILBERTO VELASQUEZ-LOREDO,        )
ELIAZAR VERDUGO-GONZALEZ,         )
```

-2-

BERNARDO VIDALES-RUIZ,                )
VERONICA LEON VILLEGAS and            )
MARTIN VIRGIL,                        )
    individually and on          )
    behalf of all others         )
    similarly situated,          )
                                      )
    Plaintiffs,                  )
                                      )
vs.                                   )
                                      )
DOLE CITRUS, INC.,                    )
                                      )
    Defendant.                   )
_____)

### COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, INJUNCTIVE RELIEF, COSTS OF LITIGATION AND ATTORNEY'S FEES

### PRELIMINARY STATEMENT

1.  This is an action by 102 seasonal agricultural workers to secure and vindicate rights afforded to them by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§1801, et seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, et seq.

2.  The Plaintiffs complain of the Defendant's violations of law during the 1997-98 and 1998-99 Florida citrus harvests.  During this period of time, the Defendants routinely violated the recordkeeping, wage statement and wage payment provisions of the AWPA.  In addition, the Plaintiffs frequently were paid less than the federally-mandated minimum wage for their labor.

3.  On behalf of themselves and their fellow citrus harvesters, the Plaintiffs seek money damages, declaratory

relief and injunctive relief to redress these violations of law.

### JURISDICTION

4. Jurisdiction is conferred upon this Court by 29 U.S.C. §1854, this action arising under the AWPA; by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1331, this action involving questions of federal law; and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

5. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

### VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) and 29 U.S.C. §1854.

### PARTIES

7. The Plaintiffs are citrus harvest workers who resided in Florida during the 1997-98 and/or 1998-99 Florida citrus harvest season. At all times relevant to this action, the Plaintiffs were migrant or seasonal agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(A) or 1802(10)(A), in that each of them was employed in agricultural employment of a seasonal or other temporary nature. At all times relevant to this action,

-4-

the Plaintiffs were engaged in the production of goods for sale in interstate commerce.

8. Defendant Dole Citrus, Inc. ("Dole") is a Florida corporation based in Vero Beach, Florida. Dole is an agricultural employer within the meaning of the AWPA, 29 U.S.C. §1802(2), in that it owned or operated a farm and employed migrant or seasonal agricultural workers.

## CLASS ACTION ALLEGATIONS

9. All claims set forth in Count I are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

10. All claims set forth in Count II are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

11. The Plaintiffs seek to represent a class consisting of all migrant or seasonal agricultural workers within the meaning of the AWPA who were furnished to Dole by farm labor contractor Vernon Dixon Harvesting, Inc. during the 1997-98 and/or 1998-99 Florida citrus harvest seasons.

12. The precise number of individuals in the class is known only to Dole and Vernon Dixon Harvesting, Inc. The class is believed to include in excess of 500 individuals. The class is comprised principally of indigent farmworkers who maintain their permanent homes at various locations

-5-

throughout the United States, Mexico and Guatemala.  Many of the class members are not fluent in the English language. The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible. Joinder of all class members is impracticable.

13.  There are questions of fact common to the class. With respect to the claims set forth in Count I, these common questions include whether Dole failed to pay the class members their minimum wages promptly when due, as required by the AWPA. With respect to the claims set forth in Count II, these common questions include whether Dole failed to make, keep and maintain complete and accurate records with regard to the labor of the class members, and whether Dole provided the class members with wage statements containing the data required to be included by the AWPA and its implementing regulations.

14.  There are questions of law common to the class. With respect to the claims set forth in both Count I and Count II, these common legal questions include whether Dole employed the class members within the meaning of the AWPA.

15.  The claims of the Plaintiffs are typical of the class, and these typical, common claims predominate over any questions affecting only individual class members. The named Plaintiffs have the same interests as do the other

-6-

members of  the class  and will  vigorously prosecute  these interests on behalf of  the class.

16.   Counsel  for  the  Plaintiffs  is  experienced  in litigation under  the AWPA  and has  handled numerous  class actions in the federal  court.   The Plaintiffs' counsel  is prepared to advance litigation costs necessary to vigorously litigate this action.

17.  By  failing to  pay the  Plaintiffs and  the  other class members their  minimum wages promptly  when due,  Dole has acted or failed to act in a manner generally  applicable to the class,  thereby making  appropriate final  injunctive relief with respect to the class as a whole.  The Plaintiffs therefore seek  class certification  under Federal  Rule  of Civil Procedure  23(b)(2) with  respect  to the  claims  set forth in Count I.

18.   Alternatively,  the  Plaintiffs  seek  class certification under Federal Rule of Civil Procedure 23(b)(3) with respect to the claims set forth in Count I.

19.  With respect to the claims set forth in Count II, a class action  under  Rule  23(b)(3)  is  superior  to  other available methods  of adjudicating  this controversy,  _inter alia_:

a.  The common  issue of  law and fact, as well  as the relatively small size  of the individual class  members' claims, substantially diminish the  interest of the  members of the class in individually controlling the prosecution  of separate actions;

-7-

b.   Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal representation;

c.   There has been no litigation already commenced against the Defendant by the members of the class to determine the questions presented;

d.   It is desirable that the claims be heard in this forum because Dole has significant contacts with this district, maintains an office in this district, and employed many of the the Plaintiffs and other class members within this district; and

e.   A class action can be managed without undue difficulty because Dole has regularly committed the violations complained of herein, and is required to maintain detailed records concerning each member of the class.

## COUNT I

### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)
### (CLASS ACTION)

20.   This count sets forth a claim by the Plaintiffs and the other members  of the class  for declaratory relief  and injunctive relief,  including restitution  of unpaid  wages, with respect  to  Dole's  violations  of  the  wage  payment provisions of the Migrant  and Seasonal Agricultural  Worker Protection Act ("AWPA").

21.   The   Plaintiffs   reallege   and   incorporate   by reference the allegations set forth in paragraphs 1  through 19 of this Complaint.

22.   Dole  owns  or  operates  numerous  citrus  groves throughout central Florida, including groves in Hendry,  St. Lucie and Indian River Counties.  The vast majority of  this fruit is hand-harvested.

23.   To furnish  workers to hand-pick  its citrus  crop, Dole utilizes a number of farm labor contractors.  Among the farm labor contractors Dole utilized during the 1997-98  and 1998-99 Florida citrus harvest seasons was Vernon Dixon, who operated through  his  wholly-owned  company,  Vernon  Dixon Harvesting, Inc.

24.   To  fill  Dole's  manpower  needs,  Vernon   Dixon recruited, solicited and hired the Plaintiffs and the  other class  members  to  pick  citrus  fruit.  These   workers subsequently  were  furnished  to  Dole  and  employed

-9-

hand-picking citrus fruit on Dole's operations at various points during the 1997-98 and 1998-99 Florida citrus harvests.

25. In violation of the AWPA, 29 U.S.C. §§1822(c) and 1832(c), and its implementing regulations, 29 C.F.R. §500.81, Dole failed to pay the Plaintiffs and the other members of the class the minimum wages due them for their work harvesting citrus fruit on Dole's operations during the 1997-98 and/or 1998-99 Florida citrus harvests. This resulted from Dole's failure to supplement the piece-rate earnings of the Plaintiffs and the other class members so as to raise their individual pay period wages to a rate equal to or exceeding the minimum wage established by the FLSA, 29 U.S.C. §206.

26. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of Dole's conscious and deliberate actions and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

27. As a result of Dole's violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

## COUNT II

### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)
### (CLASS ACTION)

28.   This count sets forth a claim by the Plaintiffs and the other members of the class for declaratory relief, injunctive relief and damages with respect to Dole's violations of recordkeeping and wage statement provisions of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

29.   The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 27 of this Complaint.

30.   Dole failed to make, keep and preserve payroll records containing the data required by the AWPA, 29 U.S.C. §§1821(d)(1) and 1831(c)(1), and its implementing regulations, 29 C.F.R. §500.80(a), with respect to the labor performed by the Plaintiffs and the other class members on Dole's operations during the 1997-98 and/or 1998-99 Florida citrus harvests.  Among other things, Dole failed to accurately record the number of compensable hours the Plaintiffs and the other class members were employed.

31.   Dole failed to provide the Plaintiffs and the other class members with wage statements containing the data required to be included by the AWPA, 29 U.S.C. §§1821(d)(2) and 1831(c)(2), and its implementing regulations, 29 C.F.R. §500.80(d).   Among other things, the wage statements

provided to the Plaintiffs and the other class members did not include an accurate listing of the number of hours worked during the pay period.

32. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of Dole's conscious and deliberate actions and were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

33. As a result of Dole's violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

## COUNT III

### (FAIR LABOR STANDARDS ACT)

34.   This count sets forth a claim by the Plaintiffs for damages for Dole's violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA").

35.   The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 33 of this Complaint.

36.   In violation of the FLSA, 29 U.S.C. §206(a), Dole failed to pay the Plaintiffs the applicable minimum wage for every compensable hour they were employed on Dole's operations during the 1997-98 and/or 1998-99 Florida citrus harvests.

37.   The violations of the FLSA described in paragraph 36 resulted in part from Dole's failure to supplement the Plaintiffs' piece-rate earnings so as to raise their pay period wages to a rate equal to or exceeding the minimum wage.

38.   As a consequence of Dole's violations of the FLSA as set out in this count, the Plaintiffs are entitled to recover their unpaid minimum wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

a. Certifying this case as a class action in accordance with Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

b. In the alternative, certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

c. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count II;

d. Declaring that Defendant Dole Citrus, Inc. intentionally violated the wage payment, recordkeeping and wage statement provisions of the AWPA, as set forth in Counts I and II;

e. Granting judgment in favor of the Plaintiffs and the other class members on the AWPA claims set forth in Count I and directing Dole Citrus, Inc. to pay as restitution to the class members all unpaid wages due to them under law;

f. Granting judgment in favor of the Plaintiffs and the other class members on the AWPA claims set forth in Count II and awarding each of these individuals statutory

-14-

damages of $500 for every violation of the AWPA and its attendant regulations set forth in that count;

g. Granting judgment in favor of the Plaintiffs on their claims under the Fair Labor Standards Act as set forth in Count III and awarding each Plaintiff his or her unpaid minimum wages and an equal amount in liquidated damages;

h. Permanent enjoining Dole Citrus, Inc. from further violations of the wage payment, recordkeeping and wage statement provisions of the AWPA;

i. Awarding the Plaintiffs the costs of this action;

j. Awarding the Plaintiffs a reasonable attorney's fee with respect to their Fair Labor Standards Act claims;

k. Awarding the Plaintiffs a reasonable attorney's fee under Fla. Stat. §448.08 with respect to their claims in Count I;

l. Granting such further relief as the Court deems just and equitable.

Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
Post Office Box 2110
Belle Glade, Florida 33430-7110
Telephone: (561) 996-5266
Facsimile: (561) 992-5040

Attorney for Plaintiffs

-15-

(REV. 12/96)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Marcos Ruiz-Lopez, Jean Sobner Alty, Servandieu Andre, Maria Leon Borja, Esteban Borja-Leon, Ramiro Borjas-Leon, et al.,

**DEFENDANTS**

Dole Citrus, Inc.

# 00 - 1400
# CIV-PAINE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Okeechobee
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Not applicabl
(IN U.S. PLAINTIFF CASES ONLY)  JR.

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED  MAGISTRATE JUDGE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Migrant Farmworker Justice Project
P O Box 2110, Belle Glade, FL  33430
(561) 996-5266      FAX  (561) 992-5040

ATTORNEYS (IF KNOWN)

**(d) CO/DIV where action arose. (circle one)**
Key West, Dade, Broward, W.P.B., Ft. Pierce, Naples

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

XX 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

NOT APPLICABLE

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 USC §§1801, et seq., and the Fair Labor Standards Act, 29 USC §206

**IVa.** __10__ **days estimated (for both sides) to try entire case.**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT (A) | TORTS (A) | FORFEITURE/PENALTY (B) | BANKRUPTCY (A) | OTHER STATUTES (A) |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | | ☒ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | PROPERTY RIGHTS (A) | ☐ 460 Deportation |
| A/B ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| A/B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 830 Patent | ☐ 810 Selective Service |
| A/B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle  PERSONAL PROPERTY | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 370 Other Fraud | LABOR (A) | SOCIAL SECURITY (B) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 371 Truth in Lending | XX☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | B ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY (A) | CIVIL RIGHTS (A)  PRISONER PETITIONS (B) | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment  28 USC 2255 | B ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS (A) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  ☐ 530 Habeas Corpus | | ☐ 870 Taxes | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 540 Mandamus & Other | | ☐ 871 IRS-Third Party 26 USC 7609 | A/B ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 550 Civil Rights | | ☐ 875 Customer Challenge 12 USC 3410 | |
| ☐ 290 All Other Real Property | ☐ 555 Prison Condition | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

XX☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  XX☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
**JURY DEMAND:**  ☐ YES  X NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**  N O N E

JUDGE _____  DOCKET NUMBER _____

DATE
January 6, 2000

SIGNATURE OF ATTORNEY OF RECORD

Gregory S. Schell
Bar # 287199

UNITED STATES DISTRICT COURT

711760